IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
            vs.               )      Criminal No. 02-197
                              )      See Civil Action No. 05-1305
ALVIN EUGENE GONEY,           )
                              )
        Defendant/petitioner. )


MEMORANDUM OPINION

BLOCH, District J.


Petitioner, on September 15, 2005, filed a pro se Motion
to Vacate Sentence pursuant to 28 U.S.C. § 2255 ("Motion") and brief
in support thereof (Doc. 79).  For the reasons set forth below, the
Court denies Petitioner's Motion.

I.      **Background**

On September 25, 2002, the grand jury in the Western
District of Pennsylvania returned an indictment charging Petitioner
with Possession of a Firearm by a Convicted Felon in violation of 18
U.S.C. §§ 922(g)(1) and 924(e).  (Doc. 1)  Petitioner plead not
guilty to the charge.  Subsequently, Petitioner's original counsel,
Brian L. Teslovich, Esq., was dismissed, and on January 13, 2003,
the Court appointed Assistant Federal Public Defender William Penn
Hackney, Esq. (Doc. 18 and Doc. 23).

On April 7, 2003, one week prior to trial, Petitioner
filed a pro se motion for new counsel.  (Doc. 43).  On April 8,

1

2003, the Court held a hearing for Petitioner to show good cause for new counsel, at which time Petitioner stated that he thought his counsel developed "no defense" for his case, and that he was the "only one that pulled points out of [his] case."  (Doc. 67 at 4). The Court decided that Petitioner failed to show good cause, such as "a conflict of interest, a complete breakdown of communication or an irreconcilable conflict with the attorney," to justify a continuance and, therefore, denied the request.  (Id. at 5-6).  The Court also noted that disagreement as to trial strategy is not good cause, and that it should consider "efficient administration of criminal justice and the accused's rights in making its determination." (Id. at 6).  Citing those reasons, the Court denied Petitioner's motion. (Id.).

Petitioner's trial commenced on April 14, 2003, in the United States District Court for the Western District of Pennsylvania.  On April 16, 2003, the jury returned a guilty verdict, and the Court ordered a presentence investigation report ("PIR") to be prepared.  (Doc. 46 and Doc. 47).  Subsequently, trial counsel filed a Motion to Withdraw as Counsel and For Appointment of Substitute Counsel on Petitioner's behalf (Doc. 48), which was granted on May 14, 2003.  At that time the Court appointed John Halley, Esquire, who assisted Petitioner during the sentencing and appeal phases of the case.  (Doc. 49).

In the PIR, the Probation Officer adjusted Petitioner's offense level for obstruction of justice and found Petitioner to be an armed career criminal under Section 4B1.4 of the United States Sentencing Guidelines and determined that Defendant was subject to a sentencing range of 210 to 262 months.  After reviewing Petitioner's objections to the PIR, the Court, on July 1, 2003, issued its Tentative Findings and Rulings Concerning Disputed Facts or Factors.  (Doc. 53).  The Court confirmed the guideline sentencing range of 210 to 262 months and, on July 10, 2003, sentenced Petitioner to 210 months' imprisonment to be followed by five years of supervised release.  (Doc. 55).

Petitioner subsequently appealed and challenged his conviction, raising three arguments before the Third Circuit Court of Appeals: (1) that the statute under which he was convicted, 18 U.S.C. § 922(g)(1), is unconstitutional; (2) that the District Court erred in refusing to admit testimony of a fingerprint expert as irrelevant; and (3) the District Court erred in refusing to grant a downward departure because of his age and erred in using his prior convictions in calculating both his criminal history and his offense level.  (Doc. 75).

On May 18, 2004, the Third Circuit affirmed Petitioner's conviction and the findings of the District Court.  Petitioner filed a petition for a writ of certiorari which was denied on October 4, 2004.  (Doc. 76).

On September 15, 2005, Petitioner, acting <u>pro</u> <u>se</u>, filed the present Motion pursuant to 28 U.S.C. § 2255.  The Court will address the claims raised in this Motion below.

**II.      <u>Discussion</u>**

Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Holley v. Department of Veterans Affairs</u>, 165 F.3d 244, 247 (3d Cir. 1999).  However, even a pro se plaintiff must be able to prove a "set of facts in support of his claim which would entitle him to relief."  <u>Haines</u>, 404 U.S. at 520-21 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

28 U.S.C. § 2255 permits a "prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence."  An evidentiary hearing is not required on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  As discussed below, the record in this case sufficiently demonstrates that Petitioner is not entitled to relief under Section 2255, and therefore, no evidentiary hearing is necessary.

## A.   <u>Ineffective Assistance of Counsel</u>

The majority of Petitioner's claims relate to the alleged ineffective assistance rendered by his trial or appellate counsel. A petitioner seeking relief under Section 2255 on the grounds of ineffective assistance of counsel "must show both that: (1) counsel's representation fell below an objective standard of 'reasonableness under prevailing professional norms;' and (2) the defendant suffered prejudice as a result – that is, there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different." <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 670 (3d Cir. 1996)(citing <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694.

> In reviewing counsel's performance, [a court] must be highly deferential. [A court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. Moreover, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Sistrunk, 96 F.3d at 670 (citing Strickland, 466 U.S. at 689-90)
(internal quotation marks and citations omitted).  "It is only the
rare claim of ineffective assistance of counsel that should succeed
under the properly deferential standard to be applied in
scrutinizing counsel's performance." United States v. Kauffman, 109
F.3d 186, 190 (3d Cir. 1997).

### 1.   **Failure to discuss appeal with Petitioner**.

Petitioner alleges that appellate counsel, John Halley,
was ineffective for not meeting with him to discuss his appeal prior
to its filing.[1]  (Doc. 79 at 6).  Petitioner further alleges that
had they discussed the appeal, Petitioner would have asked counsel
to appeal the Court's decision to deny Petitioner new counsel on
April 8, 2003.[2]  (Id.).

While, as stated, there are two steps to the Court's
analysis as to whether Petitioner's counsel was ineffective, a
reviewing court need not consider both reasonableness and prejudice
if one is sufficient to make a finding.  Strickland, 466 U.S. at

---

[1]The Court notes that it is unclear whether Petitioner is alleging
that counsel failed to consult at all about his appeal or just
regarding this issue.  However, the Court need not decide this
matter as it will not affect its determination that Petitioner was
not prejudiced.

[2]The Court notes that it appears that Counsel attempted to
supplement the appeal with Petitioner's pro se brief which addressed
this issue but was not permitted to do so by the Court of Appeals.
(Doc. 79 at 31).

697.  Here, because the Court finds that Petitioner cannot establish that he was prejudiced by Mr. Halley's failure to include this issue in Petitioner's appeal, the Court need not decide if counsel's failure to do so fell below an objective standard of reasonableness under prevailing professional norms.

To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.  Accordingly, the Court will examine the merits of the underlying claim to determine prejudice.  United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000).

When a defendant makes a last-minute request for new counsel, the trial court should enter a two-step inquiry.  First, the trial court must determine if the defendant's reasons for new counsel constitute "good cause" and are "sufficiently substantial to justify a continuance."  United States v. Welty, 674 F.2d 185, 187 (3d Cir. 1982).  If the defendant's reasons are insufficient and the defendant wishes to proceed pro se, then the court has the responsibility of ensuring that the defendant "intelligently and competently" waived his right to counsel.  Welty, 674 F.2d at 187 (citing Johnson v. Zerbst, 304 U.S. 458, 465 (1938)).[3]  "[G]ood

_____

[3]The Court notes that the trial court did not enter the second line of inquiry because Petitioner at no time indicated he wished to

(continued...)

7

cause" can be shown by a "conflict of interest, a complete breakdown of communication, or an irreconcilable conflict with the attorney." United States v. Goldberg, 67 F.3d 1092, 1098 (3d Cir. 1995). Without a showing of good cause, the trial court should deny the request for new counsel.

Here, on January 8, 2003, the Court granted Petitioner new counsel after learning from his initial counsel, Brian Teslovich, that Petitioner wished to have him removed and new counsel appointed because he likely qualified for the services of the Federal Public Defender's office and he and Mr. Teslovich differed on the manner or course of strategy to be taken in the case.  (Doc. 18).  Then, on April 7, 2003, only one week prior to trial, Petitioner filed the request for new counsel at issue here, citing a "personal conflict problem" with his trial attorney and asserting that "his office does not have my best interest at heart."  (Doc. 43).  The Court ordered a hearing on April 8, 2003 to determine if new counsel should be granted.   At  the  hearing,  Petitioner  stated  that  he  lacked confidence  in  his  attorney's  abilities  and  was  upset  that  trial counsel  argued  for  a  continuance  and  that  trial  counsel  did  not "pull points" out of the case.  (Doc. 67 at 4).  Petitioner also complained that he had difficulty reaching counsel and that he and his family left several messages.

---

[3](...continued)
proceed pro se.

The Court denied this request due to lack of good cause. Specifically, the Court noted that while Petitioner may have disagreed with counsel as to strategy and was generally displeased with his performance, these reasons do not constitute good cause to grant new counsel. See Goldberg, 67 F.3d at 1098; See also Gov't of the Virgin Islands v. James, 934 F.2d 468, 471 (3d Cir. 1991)("district court was correct in finding that James' judgment as to his counsel's abilities and enthusiasm...did not constitute good cause). Furthermore, Petitioner's claims that he had difficulty reaching his attorney do not demonstrate a "complete breakdown of communication." Rather, Petitioner met with counsel and discussed a continuance, and saw counsel at subsequent proceedings. (Doc. 67 at 4). Based on these facts, Petitioner failed to establish good cause, and his request for new counsel was correctly denied. Therefore, there is no reasonable probability that had counsel brought Petitioner's claim on appeal, the result would have been different.[4]   Accordingly, Petitioner's Motion is denied on this ground.

---

[4]Similarly, Petitioner argues that his appellate counsel was ineffective for failing to raise this issue on certiorari to the Supreme Court. (Doc. 79 at 7). The Court denies this ground for the same reasons set forth in this claim.

**2.      Failure   to   Build   a   Proper   Foundation   for**

**Fingerprint Testimony**

Petitioner states that his trial counsel was ineffective for failing to build the proper foundation for George D. Wynn ("Wynn"), a fingerprint expert, to testify.  (Doc. 79 at 5).

To be ineffective, counsel's performance must be objectively unreasonable and the defendant must suffer prejudice as a result of the deficient performance.  Sistrunk, 96 F.3d at 670. Here, the record demonstrates that Mr. Hackney argued strenuously to admit the testimony of Wynn.  (Doc. 69 at 86-88).  He clearly set forth for the Court what Wynn's testimony would be and how he believed it would have been relevant in Petitioner's case.  (Id.). However, it was ultimately the Court's determination that such testimony was not relevant, and not counsel's failure to lay a proper foundation for the testimony, which kept the testimony out. (Doc. 69 at 87-88).  Accordingly, the performance of counsel was objectively reasonable and counsel was not ineffective.[5]

---

[5]  The Court notes that Petitioner's appellate counsel raised the issue regarding the Court's decision to keep the testimony out on appeal and the Third Circuit affirmed this Court's decision.  (Doc. 75 at 2-3).

### 3.   Failure to have a Physician Evaluate Petitioner's Mental Health

Petitioner alleges that counsel was ineffective for not having him evaluated by a doctor in order to ascertain whether he was fit for trial.  (Doc. 79 at 6).  Although Petitioner's trial counsel obtained a continuance on January 27, 2003 in order to, among other things, investigate the underlying conditions associated with the medications Petitioner was taking, (Doc. 63), there is nothing in the record, nor provided by Petitioner in his Motion, to suggest that he suffered from any mental deficiencies which would have rendered him unfit for trial.

Therefore, Petitioner's claim is far too vague and conclusory to warrant further investigation.  See United States v. Dawson, 857 F.2d 923, 928 (3d Cir. 1988). Without facts supporting this claim, the Court has no basis on which to find that counsel erred in failing to obtain a medical examination or that Petitioner was prejudiced by counsel's decision not to request such a medical evaluation.  Thus, this claim is denied.

B.  **Trial Court Error**

1.  **Failure to Grant New Counsel Before Trial**

Petitioner claims that this Court erred in not granting his request for new counsel at the hearing on April 8, 2003.[6]  (Doc. 79 at 5).   However, for the reasons previously stated, Petitioner failed to establish good cause to have new counsel appointed to him, and, therefore, the Court correctly denied his request.  Welty, 674 F.2d at 187.   Accordingly, this claim has no merit.

2.  **Unconstitutionally Enhanced Sentence**

Petitioner argues that the Court unconstitutionally enhanced his sentence based upon his previous convictions, under section 4B1.4 of the guidelines, and for obstruction of justice, under section 3C1.2 of the guidelines, because these factors were not determined by the jury.  (Doc. 79 at 6-8, 10-17).  Petitioner also argues that, because, at the time of his sentencing, the guidelines were considered to be "mandatory", the Court, when determining whether a downward departure was warranted, only considered the factors set forth in 18 U.S.C. § 3553 to the extent that it was permitted to under the sentencing guidelines.  (Doc. 79 at 15-16). Therefore, Petitioner argues that he is entitled to a hearing so

---

[6]Petitioner labels this claim as "Trial Court Plain Error/Denial of Effective Counsel."  (Doc. 79 at 5).  However, Petitioner fails to point out specific ineffective acts by counsel and instead challenges the judgment of the Court in denying new counsel.  As such, this claim will not be viewed as an ineffective assistance of counsel claim.

that the Court may reconsider the 3553 factors in light of the now advisory nature of the sentencing guidelines.  (Id.).

These arguments, set forth in Grounds Four, Eight, Ten and part of Eleven, rely upon the Supreme Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005).  Unfortunately for Petitioner, the Third Circuit, in Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), held that the rule of law announced in Booker did not retroactively apply to cases on collateral review.[7]  Specifically, the Court held that Booker does not apply retroactively to motions under Section 2255 where the judgment was final as of January 12, 2005, the date Booker issued.  Since judgment in Petitioner's case was final well before January 12, 2005, Booker does not apply to his case.  (Doc. 76). Accordingly, there is no basis for relief on these grounds.[8]

_____

[7]    The Court, in Lloyd, explained that it is Booker, and not Blakely, that applies to the Federal Sentencing Guidelines, under which Petitioner was sentenced.  Accordingly, it is Booker, and not Blakely, upon which Petitioner's claims must rely.

[8]    To the extent Petitioner is challenging the application of 18 U.S.C. § 924(e) under Apprendi v. New Jersey, 530 U.S. 466 (2000), this claim has no merit.  The Supreme Court, in Almendarez-Torres v. United States, 523 U.S. 224 (1998), specifically determined that the fact of prior convictions need not be alleged in the indictment or proved beyond a reasonable doubt to form the basis of a sentence enhancement.   Nothing in Apprendi changed this.   In fact, the Supreme Court in Apprendi specifically declined to overrule Almendarez-Torres, and it still remains good law.  See 530 U.S. at 489-490.  Moreover, even if Blakely and/or Booker were retroactive, they have no application to the enhancement of sentences under Section 924(e).

13

### C.    Miscellaneous Arguments

#### 1.    Jurisdiction Challenge

While it is not specifically worded as such, the Court finds that a fair interpretation of Ground Three is that Petitioner argues that 18 U.S.C. §922(g)(1) is unconstitutional because possession of a gun that previously traveled in interstate commerce does not "bear a sufficient nexus with interstate commerce to fall within the enumerated powers of the Federal Government."  (Doc. 79 at 5). However, Petitioner's claim must be denied because this issue was decided on direct appeal.  (Doc. 75).  Absent an intervening change in the governing substantive law, not present here, Section 2255 generally "may not be employed to re-litigate questions which were raised and considered on direct appeal."  United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (citations omitted); Davis v. United States, 417 U.S. 333 (1974) (intervening change in governing substantive law that makes petitioner's conviction and punishment unlawful constitutes exceptional circumstances that justify collateral relief under § 2255).  Accordingly, this claim is denied.

#### 2.    Actual Innocence

The Court begins by noting that Petitioner does not appear to argue that he is actually innocent of the underlying conduct for which he was convicted in this case.  Rather he asserts that he is "actually innocent" of the sentence imposed upon him because his sentence was enhanced by factors which were not determined by a jury

14

(i.e. obstruction of justice and his prior convictions).  (Doc. 79 at 8).

"[A]ctual innocence" is not a constitutional claim itself, but a "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrara v. Collins, 506 U.S. 390, 404 (1993).  Actual innocence constitutes an "extraordinary instance[] where a constitutional violation probably has caused the conviction of one innocent of the crime."  McCleksy v. Zant, 499 U.S. 467, 494 (1991).  Furthermore, actual innocence is a claim of "factual innocence, not mere legal insufficiency."  Bousley v. U.S., 523 U.S. 614, 623 (1998); Hull v. Freeman, 991 F.2d 86, 91 n.3 (3d Cir. 1993).

Here, Petitioner's argument that he is actually innocent of the sentence imposed upon him has no merit.  First, the Court notes that Petitioner sets forth no evidence to suggest that he is actually innocent of the underlying crimes and/or conduct which formed the basis of his sentencing enhancements. Rather, Petitioner's claim is simply based on the improper assertion that the enhancements should have been determined by a jury pursuant to Booker/Apprendi. Therefore, Petitioner's argument is merely one of legal innocence, not factual innocence, erroneously based upon the applicability of Booker/Apprendi, and is unavailing in this case.

15

### D.    Request for Counsel

Lastly, in his Motion, Petitioner requests counsel to perfect his Section 2255 Motion.  (Doc. 79 at 13).  However, defendants have no constitutional or statutory right to counsel in post-conviction collateral attacks.   Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  Rather, the Court has discretion to appoint counsel where the "interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, since the Court has determined that a hearing is not necessary to determine Petitioner's Motion and has found that his claims have no merit, it is unaware of, and Petitioner fails to set forth, any circumstances which would warrant counsel being assigned in this case.   Furthermore, it is clear from the Motion itself, that Petitioner clearly has a sufficient understanding of the issues involved.  Therefore, Petitioner's request to have counsel appointed is denied.

## III. Conclusion

For all of the above-stated reasons, Petitioner's Motion is denied in its entirety.   Further, this Court will not issue a certificate of appealability in this case.   A certificate of appealability may issue under 28 U.S.C. § 2255  "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c) (2).  For the reasons set forth above, Petitioner has not made a substantial showing of

the denial of a constitutional right and a certificate of appealability should not issue in this action.

An appropriate Order will be issued.

s/Alan N. Bloch
United States District Judge

Dated:     April 25, 2007

ecf:       Counsel of record

cc:        Alvin Eugene Goney
           #07570-068
           FCI - Gilmer
           P.O. Box 5000
           Glenville, WV 26351

17